## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHADWICK WRIGHT (#368195)**                                **CIVIL ACTION**

**VERSUS**

                                                                               **23-1347-BAJ-RLB**

**LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 16, 2024.

                                                             **RICHARD L. BOURGEOIS, JR.**
                                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK WRIGHT (#368195)                                              CIVIL ACTION

VERSUS
                                                                       23-1347-BAJ-RLB
LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Katie Ard, John Doe #1, John Doe #2, and Jane Doe, complaining that his constitutional rights were violated due to retaliation, and the handling of a grievance proceeding. He seeks monetary and injunctive relief.

28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Plaintiff's Allegations**

In his Complaint, Plaintiff alleges the following: On March 24, 2023, defendant John Doe #1 and Msgt. Byrd removed the plaintiff from his cell and Msgt. Byrd informed the plaintiff that he was being placed in administrative segregation per the order of defendant John Doe #1. The plaintiff later asked defendant John Doe #1 why he was placed in segregation and the defendant responded that he did not have to provide a reason. The plaintiff stated that regulations required that such information be provided but defendant John Doe #1 ignored the plaintiff and walked away. As the defendant was exiting the tier, the plaintiff yelled to him that he was going to file a grievance. Defendant John Doe #1 then returned, removed the plaintiff from his cell, and placed him on suicide watch.

The next day, March 25, 2023, the plaintiff stopped defendant Jane Doe to ask how defendant John Doe #1 could have him placed on suicide watch without reason or prior to an evaluation by mental health. Defendant Jane Doe responded that any ranking officer could place

an offender on watch if the officer states the offender declared himself suicidal/homicidal. Plaintiff informed defendant Jane Doe that his placement on suicide watch was in response to the plaintiff informing defendant John Doe #1 that he was going to file a grievance, that he never declared himself suicidal/homicidal, and had no history of the same. He requested to be taken off watch. Defendant Jane Doe refused but stated that she would log that he never declared himself to be suicidal/homicidal. However, defendant Jane Doe had a policy of not releasing offenders from suicide watch on the weekends.

The following day the plaintiff was released by another social worker after being informed about the situation. During the two days the plaintiff was housed on suicide watch he suffered pain and inability to sleep due to the thin mattress.

The prison's policy to allow an offender to be placed on watch without a prior evaluation by a mental health professional allows for abuse of the process. This policy was created by defendant John Doe #2, utilized by defendant John Doe #1 to place the plaintiff on watch, and cited by defendant Jane Doe to keep the plaintiff on watch.

The plaintiff filed a grievance which was answered by defendant Katie Ard. Defendant Ard failed to identify the Doe defendants as requested.

## Compensatory Damages

First, pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. In the instant matter the plaintiff has alleged only that he experienced discomfort sleeping due to the thin mattress. He has not alleged to have suffered a physical injury due to the two days spent on suicide watch. Accordingly, this aspect of the plaintiff's claim should be rejected. The plaintiff may be entitled to recover nominal or punitive damages if he establishes

some constitutional violation by the defendants to merit such recovery. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

## Grievance and Disciplinary Proceedings

With regards to the plaintiff's claims against defendant Ard, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

## Retaliation

Turning to the plaintiff's retaliation claim asserted against defendant John Doe #1, it is prohibited for prison officials to act against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of

retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

Undertaking the foregoing analysis, the Court finds that the plaintiff has failed to state a claim for retaliation since he has not alleged that a greater than *de minimis* adverse act was taken against him. The plaintiff alleges that he was transferred to suicide watch on March 24, 2023, and was released on March 26, 2023. As such, the transfer was of a short duration of only two days.

It is appropriate for the Court to consider the frequency of occurrence and the length of duration of the action to determine whether it is *de minimis. See Irby v. Cain*, 2014 WL 1028675, at *6 (M.D. La. Mar. 17, 2014) (*citing Gonzales v. Currie*, 2014 WL 222353, at *5 (S.D. Tex. Jan, 21, 2014)). A transfer lasting only two days is a *de minimis* act, not capable of deferring a

person of ordinary firmness from further exercising his constitutional rights. *See Edison v. Avalon Corr. Servs.*, Civ. A. No. H-16-683, 2018 WL 4119637, at *9 (S.D. Tex. Aug. 29, 2018) (brief two day transfer to another city was *de minimis* and did not support a claim for retaliation as an adverse act.)  This is especially true where the plaintiff has alleged only that he was transferred to a different location and was unable to sleep as well due to discomfort caused by a thinner mattress. *See Smith v. Hebert,* 533 F. App'x. 479, 482 (5th Cir. 2013) (retaliation claim dismissed when there was no evidence that transfer from one area of the prison to another was sufficiently injurious to be actionable).

## Deliberate Indifference

Turning to the plaintiff's claim asserted against defendant Jane Doe, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Plaintiff does not allege to have had a serious medical need that was disregarded by defendant Jane Doe. Rather, the plaintiff states only that defendant Jane Doe's attitude did not match the "affects that the situation was inflicting on my mental and physical well-being." The plaintiff has not alleged to have been suffering from an excessive risk to his health or safety. Additionally, defendant Jane Doe did not ignore his complaint. Rather, she told him she would document his concerns but that he would remain on watch as a precaution. As such, the plaintiff has failed to state a claim against defendant Jane Doe for deliberate indifference.

**Personal Involvement**

As to the plaintiff's claims against defendant John Doe #2, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Plaintiff alleges that defendant John Doe #2 created the policy in place which allowed him to be placed on suicide watch by defendant John Doe #1. Since the plaintiff has not stated a claim for a violation of his constitutional right against defendants John Doe #1 or Jane Doe , the plaintiff has also failed to state a claim against defendant John Doe #2 as the alleged wrongful policy did not result in a constitutional deprivation.

**Supplemental Jurisdiction**

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

**RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on May 16, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."