## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CHADWICK WRIGHT                                      CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF                              NO. 23-01347-BAJ-RLB
CORRECTIONS, ET AL.

### RULING AND ORDER

Plaintiff, an inmate confined at the Louisiana State Penitentiary (LSP), filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections and various LSP personnel, complaining that he was subjected to cruel and unusual punishment and that his constitutional rights were violated by retaliatory actions by or on behalf of Defendants. (Doc. 4). Plaintiff requests monetary and injunctive relief. (*Id.*). Pursuant to the screening requirements of 28 U.S.C. §§ 1915(e) and 1915A, the Magistrate Judge has now issued a **Report and Recommendation (Doc. 7, the "Report")**, recommending that Plaintiff's federal constitutional claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, and further recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, to the extent any such claims exist. (*Id.*). Plaintiff has filed an Objection to the Report, wherein he reasserts that a greater than *de miminis* retaliatory action was taken against him by Defendants. (Doc. 8). The retaliatory action alleged by Plaintiff was a transfer to suicide watch, which supposedly resulted in him being unable to sleep for

1

two days due to a thin mattress. (Doc. 8). Inability to sleep for two days due to an allegedly too-thin mattress is not a greater than *de minimis* retaliatory action and is not a violation of the Eighth Amendment. *See Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013) (retaliation claim dismissed when there was no evidence that transfer from one area of a prison to another subjected petitioner to increased danger). Additionally, to assert a cognizable Eighth Amendment claim, Plaintiff must allege facts showing that Defendants were deliberately indifferent to conditions that posed a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has not done so. (*See* Docs. 4, 7).

Therefore, upon de novo review, and having carefully considered the Amended Petition, the Report, Plaintiff's Objection, and other related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's federal claims be and are hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint within 30 days of the date of this Ruling and Order, addressing the deficiencies identified herein.

**IT IS FURTHER ORDERED** that Plaintiff's failure to timely submit an

amended complaint will result in a judgment dismissing with prejudice all claims.

Baton Rouge, Louisiana, this ___1st___ day of July, 2024

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA