UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK WRIGHT — CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL. — NO. 23-01347-BAJ-RLB

# RULING AND ORDER

Before the Court is the Magistrate Judge's second **Report and Recommendation (Doc. 18, the "Second Report")** recommending that the Court dismiss the above-captioned matter with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 18 at 3). For the following reasons, the Court will **APPROVE** the Second Report and **ADOPT** it as the Court's opinion in this matter.

On September 21, 2023, Plaintiff, a person confined at the Louisiana State Penitentiary ("LSP") and proceeding *pro se*, filed the Original Complaint. (Doc. 1). Thereafter, the Clerk of Court issued a Notice of Deficiency to Plaintiff, requiring him to file an Amended Complaint to cure certain deficiencies and providing Plaintiff with a form to use when drafting his Amended Complaint. (Doc. 3).

On March 12, 2024, Plaintiff filed his Amended Complaint. (Doc. 4). In the Amended Complaint, Plaintiff asserted claims under 42 U.S.C. § 1983 against the Louisiana Department of Corrections and various LSP personnel, alleging that he was subjected to cruel and unusual punishment and that his constitutional rights

were violated by retaliatory actions by or on behalf of Defendants. (*Id.*). Plaintiff requested monetary and injunctive relief. (*Id.*).

Pursuant to the screening requirements of 28 U.S.C. §§ 1915(e) and 1915A, the Magistrate Judge issued a Report and Recommendation regarding Plaintiff's First Amended Complaint (the "First Report"), recommending that Plaintiff's federal constitutional claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. (Doc. 7). The Report further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, to the extent any such claims existed. (*Id.*).

After conducting a *de novo* review, the Court adopted the First Report, emphasizing:

> The retaliatory action alleged by Plaintiff was a transfer to suicide watch, which supposedly resulted in him being unable to sleep for two days due to a thin mattress. (Doc. 8). Inability to sleep for two days due to an allegedly too-thin mattress is not a greater than *de minimis* retaliatory action and is not a violation of the Eighth Amendment. *See Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013) (retaliation claim dismissed when there was no evidence that transfer from one area of a prison to another subjected petitioner to increased danger). Additionally, to assert a cognizable Eighth Amendment claim, Plaintiff must allege facts showing that Defendants were deliberately indifferent to conditions that posed a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has not done so. (*See* Docs. 4, 7).

(Doc. 9 at 1–2). Despite finding that Plaintiff failed to allege facts sufficient to state a claim, the Court granted Plaintiff another opportunity to amend his Complaint to address the deficiencies described by the Court. (*Id.* at 2).

Thereafter, Plaintiff filed a Second Amended Complaint. (Doc. 11). Upon review of Plaintiff's Second Amended Complaint, the Magistrate Judge issued the Second Report, which is now before the Court. (Doc. 18). In the Second Report, the Magistrate Judge concluded that Plaintiff's Second Amended Complaint failed to add allegations of legal significance, such that it still failed to state a claim on which relief may be granted. (*Id.*).

Plaintiff objects to the Report, arguing that prison officials determined him to be mentally ill and forced him into involuntary psychiatric treatment. (Doc. 19 at 2). Notably, Plaintiff's Second Amended Complaint does not allege that Plaintiff was forced to undergo psychiatric treatment, but rather alleges that he was placed in segregation on "suicide watch" for two days. (Doc. 11). Plaintiff further urges that DOC policy permits the placement of incarcerated persons on suicide watch only upon the incarcerated person's request for treatment to prevent self-destruction, and Plaintiff made no such request here. (Doc. 19 at 2). Plaintiff asks the Court to find that these allegations are sufficient to state a claim. (*Id.*).

In the Second Amended Complaint, Plaintiff alleges the following. On March 25, 2023, Plaintiff was placed in administrative segregation at LSP without being provided a justification for same. (Doc. 11 ¶ 9). DOC policy requires LSP staff to communicate with incarcerated persons regarding institutional matters. (*Id.* ¶ 11). After Plaintiff yelled to the officer that placed him in administrative segregation that Plaintiff intended to file a grievance against the officer, the officer returned and placed Plaintiff on suicide watch.

The next day, March 26, 2023, Plaintiff informed an LSP mental health practitioner, "Jane Doe," that he had no mental health concerns and was only placed on suicide watch because he announced his intention to file a grievance against an officer. (*Id.* ¶¶ 16–19). Despite Plaintiff's arguments otherwise, Doe refused to discontinue Plaintiff's placement on suicide watch as a "precaution." (*Id.* ¶ 20). Doe informed Plaintiff that she would log his concerns but failed to do so. (*Id.* ¶¶ 20–21). Plaintiff alleges that Doe antagonized him by "project[ing] her emotional state" and "fail[ing] to meet the gravity and urgent effects [] that the situation was inflicting on [Plaintiff's] mental and physical wellbeing." (*Id.* ¶ 22).

On March 27, 2023, two days after being placed on suicide watch, a different LSP mental health practitioner released Plaintiff from suicide watch. (*Id.* ¶ 25). This mental health practitioner acknowledged to Plaintiff that DOC's policy has no safeguards and is subject to abuse by LSP security personnel. (*Id.*).

Plaintiff alleges that during the two days he was placed on suicide watch, he suffered pain and an inability to sleep because the mat he was provided to sleep on did not "retain sufficient thickness to prevent the metal bunk from tenderizing [Plaintiff]." (*Id.* ¶ 26).

On March 28, 2023, Plaintiff appeared before an LSP "Disciplinary Court" regarding his placement on administrative segregation. (*Id.* ¶ 32). The Disciplinary Court ordered that Plaintiff be returned to his original quarters. (*Id.*). Plaintiff was returned to his assigned cell. (*Id.* ¶ 27).

Master Sargeant Byrd, who is not a Defendant in this action, allegedly verbally

abused Plaintiff while he was returning to his cell. (*Id.* ¶ 40). As a result, Plaintiff filed an emergency grievance against Byrd. (*Id.*). After returning to his original cell, Plaintiff began receiving frequent visits from mental health practitioners. (*Id.* ¶ 45).

In its prior Ruling, the Court emphasized that "[i]nability to sleep for two days due to an allegedly too-thin mattress is not a greater than *de minimis* retaliatory action and is not a violation of the Eighth Amendment. *See Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013) (retaliation claim dismissed when there was no evidence that transfer from one area of a prison to another subjected petitioner to increased danger). Accordingly, although the Court understands Plaintiff's concerns, the same result must issue here.

Upon *de novo* review, and having carefully considered Plaintiff's Second Amended Complaint, the Second Report, Plaintiff's Objection, and the entirety of the record, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims be and are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Final Judgment shall be entered separately.

Baton Rouge, Louisiana, this 22nd day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**